596 F.2d 330
 GENERAL REINSURANCE CORPORATION, Appellee,
v.
MISSOURI GENERAL INSURANCE COMPANY, Appellee, Jerry B.
Buxton, Director, Division of Insurance and Receiver for
Missouri General Insurance Company, Appellee, James A.
Polsinelli, Commissioner of Claims for Missouri General
Insurance Company, Mississippi Insurance Guaranty
Association, Appellant.
Wholesale Materials Company, Inc., Charles F. Jones and
Hattie K. Keeton. Reinsurance Association of
America, Amicus Curiae.
 No. 78-1269.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 15, 1978.
Decided April 17, 1979.
 
 Robert M. Sommers (on brief), of James, Odegard & Millert, Kansas City, Mo., argued, for appellant; Neal E. Millert, Kansas City, Mo., and P. N. Harkins, III, of Watkins & Eager, Jackson, Miss., on brief.
 John C. Craft (argued), and William C. Jolley, Jr., Kansas City, Mo., on brief, for appellee.
 Charles W. Havens, III, Washington, D. C. (argued), and Franklin W. Nutter, Alexandria, Va., on brief, for amicus curiae, Reinsurance Assn. of America.
 Before LAY and BRIGHT, Circuit Judges, and HARPER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal from a final judgment by the trial court ordering that certain proceeds of reinsurance be paid to defendant Receiver for insolvent Missouri General Insurance Company, appellee herein.
 
 
 2
 For the purpose of providing some background, the basic facts of the case are as follows: On January 1, 1971, Agreement of Reinsurance No. 4191 was entered into between General Reinsurance Corporation and Medallion Insurance Company and its subsidiaries, including Missouri General Insurance Company (hereinafter referred to as Missouri General). In 1971, Missouri General issued a comprehensive general liability insurance policy insuring Wholesale Materials Company, Inc. In 1972, Wholesale Materials Company, Inc., was named the defendant in a lawsuit for personal injuries filed in the Circuit Court of Forrest County, Mississippi. Pursuant to the terms of its policy issued to Wholesale Materials Company, Inc., Missouri General undertook the defense of the suit.
 
 
 3
 Thereafter, during the course of the lawsuit, Missouri General became insolvent and a Receiver was appointed. Pursuant to Mississippi law, Mississippi Insurance Guaranty Association (hereinafter referred to as Guaranty Association), upon notice of the appointment of a Receiver for Missouri General, undertook the defense of the Mississippi suit. Subsequently, the Guaranty Association settled the lawsuit for $150,000.00, and paid the sum of $150,000.00 out of its fund. As a result of the Receiver and the Guaranty Association both stating a claim to the reinsurance proceeds under the Agreement of Reinsurance No. 4191, General Reinsurance Corporation instituted this interpleader action, pursuant to Title 28, 1335 U.S.C. The case was submitted to the court below, without a jury, on the pleadings, stipulated facts and trial briefs.
 
 
 4
 In holding that the Receiver of Missouri General was entitled to the reinsurance proceeds, the Court pointed to the plain language of the Reinsurance Agreement as mandating such a result. In the trial court's view, the interpretation of the Reinsurance Agreement entitling the Receiver to the reinsurance proceeds was consistent with both the State of Missouri's statutory scheme for winding up insurance companies and the weight of authority in other jurisdictions. Upon careful consideration of the records, the briefs and arguments of the parties, we affirm on the basis of the District Court's well reasoned opinion in General Reinsurance Corporation v. Missouri General Insurance, et al., 458 F.Supp. 1 (W.D.Mo.1977), with, however, one addendum.
 
 
 5
 The following language from the case of Homan v. Employers Reinsurance Corp., 345 Mo. 650, 136 S.W.2d 289, 298 (1939), supplies the basis for this Court's unwillingness to accept the third party beneficiary contention of appellant. The Supreme Court stated: "If the reinsurance contract was not to be subject to the provisions set out in the primary insurance contract, to wit, that any judgment against (the policyholder) be paid the contract could have been made definite and certain." In First National Bank of Kansas City v. Higgins, 357 S.W.2d 139, 145, (Mo.) the Supreme Court quoted this excerpt from the Homan case and stated, "We are in complete agreement with the above statements * * *."
 
 
 6
 In the context of the present case, Article I of Reinsurance Agreement No. 4191 provided, in part: "In no instance shall any insured of the Company or any claimant against an insured of the Company have any rights under this Agreement." By including the above clause in the Agreement of Reinsurance the parties have taken the course of action prescribed by the Court in Homan, supra, to avoid the reinsurer being held liable by the primary insured's policyholders, or their claimants. The clear intent of the parties to exclude original insureds and claimants against insureds from having any rights under the Agreement of Reinsurance is both definite and certain. In Article I of Agreement of Reinsurance No. 4191, General Reinsurance and Missouri General made very clear their intentions that General Reinsurance was not assuming the obligations of Missouri General on its policies. In so doing the parties foreclosed the possibility of General Reinsurance being held liable on a third party beneficiary theory to an original insured or to those who may claim under him.
 
 
 7
 The judgment of the District Court is affirmed.
 
 
 
 *
 Roy W. Harper, Senior District Judge, Eastern District of Missouri, sitting by designation